IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Miyuki Maureen Johnson,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Russell Roberts and Walter Roland, in their individual and personal capacities,<br><br>　　　　　　　　　Defendants. | C/A No. 3:17-3017-JFA<br><br>**ORDER** |

Miyuki Maureen Johnson (Plaintiff), proceeding *pro se*, brings this action against United States Postal Service employees, Russell Roberts and Walter Roland (Defendants). Plaintiff, a postal customer, claims that Rowland violated the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), Roberts violated 42 U.S.C. § 1983, and both violated Title VII of the Civil Rights Act of 1954, 42 U.S.C. § 2000e-2 (Title VII) and the Due Process Clause of the Constitution. Plaintiff alleges that the above violations occurred during or as a result of her visit to the post office to apply for a passport.

Defendants filed a motion to dismiss on April 20, 2018, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 39). By order issued on April 20, 2018, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the procedure in regards to the Motion to Dismiss and the possible consequences if she failed to respond adequately to Defendants' Motion. (ECF No. 40). Plaintiff filed a response to Defendants' Motion on May 7, 2018. (ECF No. 42).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation (Report) and opines that this Court should grant Defendants' Motion to Dismiss. (ECF No. 43). The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation. The Magistrate Judge correctly found that the Motion to Dismiss should be granted because the Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff failed to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff was advised of her right to file objections to the Report, which was entered on the docket on May 17, 2018. However, the Plaintiff did not file objections, and the time to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the Magistrate's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and grants Defendants' Motion to Dismiss (ECF No. 39) without prejudice.

IT IS SO ORDERED.

June 7, 2018            Joseph F. Anderson, Jr.
Columbia, South Carolina    United States District Judge

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).