IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Miyuki Maureen Johnson,<br><br>   Plaintiff,<br><br>vs.<br><br>Russell Roberts and Walter Roland, in their individual and personal capacities,<br><br>   Defendants. | C/A No. 3:17-3017-JFA-SVH<br><br>**ORDER** |

Miyuki Maureen Johnson ("Plaintiff"), proceeding *pro se*, brings this action raising the following claims against Russell Roberts and Walter Roland, in their individual and personal capacities ("Defendants"): (1) violation of the Freedom of Information Act ("FOIA", 5 U.S.C. § 552 ("FOIA"), against Defendant Rowland; (2) violation of 42 U.S.C. § 1983 against Defendant Roberts; (3) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); and (4) violation of the Due Process Clause of the United States Constitution.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she opines that this Court should grant Defendant's Motion to Dismiss because (1) Plaintiff failed to exhaust her administrative remedies under FOIA, so this Court lacks jurisdiction over the claims; (2) Plaintiff's § 1983 claim fails to state a claim because Defendant Roberts did not act as a state official under color of state law; (3) Plaintiff's due process claim

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

should be dismissed because this Court should refrain from recognizing an implied damages claim based on Plaintiff's allegations since there are alternative remedies available to Plaintiff; and (4) Plaintiff's Title VII claim fails to state a claim because Plaintiff is not and at no time has been employed by the United States Postal Service ("USPS"), nor is Defendant Roberts an employer. Further, the Magistrate Judge opines that this Court should deny Plaintiff's Motion to File a Second Amended Complaint because Plaintiff's amendment to add the USPS as a party would be futile. The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation.

Plaintiff was further advised of her right to file objections to the Report and Recommendation, which was entered on the docket on October 17, 2018. (ECF No. 68). However, Plaintiff did not file any objections to the Report within the time limits prescribed. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this Court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 60) is granted, and Plaintiff's Motion to Amend/Correct the Amended Complaint (ECF No. 64) is denied. This matter is dismissed with prejudice and without leave for further amendment.

IT IS SO ORDERED.

December 5, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District